UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JIM HARRIS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16-CV-83 SNLJ |
| | ) | |
| NINA HILL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $1.00.[1] *See* 28 U.S.C. § 1915(b); *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997).

### **Standard of Review**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows

---

[1] The Court is aware that plaintiff has three "strikes" under 28 U.S.C. § 1915(g). *See Harris v. Russell*, No. 4:13-CV-891-TCM; *Harris v. Russell*, No. 4:13-CV-317-JAR (E.D. Mo.); *Harris v. Dodson*, No. 1:12-CV-196-SNLJ; *Harris v. Pemiscot County Sheriff's Dep't*, No. 1:10-CV-151-RWS. However, as is explained below, the Court finds that plaintiff has shown that his is in imminent risk of serious physical harm, and so, granting in forma pauperis status is appropriate.

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

**The Complaint**

Plaintiff brings this action against Nina Hill, Nurse Practitioner; Paula Huffman-Reed, Assistant Warden; and Corizon, Inc. Plaintiff says he has a medical lay-in for bottom walk and bottom bunk because he is handicapped. He alleges he has a gunshot injury to his cervical spine, nerve damage, and muscle loss. He claims defendant Hill terminated his lay-in and assigned him to the top walk and the top bunk. He says he has fallen more than once as a result.

Plaintiff alleges that defendant Huffman-Reed knew about his complaint but did not do anything about it.

**Discussion**

The Court is required to give plaintiff's allegations the benefit of a liberal construction. *See Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) ("When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework.") (quotations and citation omitted).

Under this standard, the Court finds that the complaint states a plausible claim for relief against defendant Hill. The Court further finds that plaintiff has alleged facts that show he is in imminent danger of serious physical injury due to the serious nature of his injuries and the possible trauma that could result from a fall. Therefore, the Court will order the Clerk to serve defendant with process.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability."). Plaintiff's allegations do not show that defendant Huffman-Reed was directly responsible for his cell assignment. As a result the complaint does not state a plausible claim against her.

In order to state a claim against Corizon, plaintiff must allege that there was a policy, custom, or official action that caused an actionable injury. *Sanders v. Sears Roebuck & Co.*, 984 F.2d 972, 95-76 (8th Cir. 1993). There are no such allegations, and so the Court will dismiss Corizon from this action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 6] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[2]

---

[2] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that the Clerk is directed to serve defendant Nina Hill with process in accordance with the Court's agreement with Corizon, Inc.

**IT IS FURTHER ORDERED** that, along with her responsive pleading, defendant Nina hill must show cause why plaintiff's motion for preliminary injunction should not be granted.

**IT IS FURTHER ORDERED** that defendants Paula Huffman-Reed and Corizon, Inc. are **DISMISSED** without prejudice.

An Order of Partial Dismissal will be filed separately.

Dated this 6th day of September, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE