UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JIM HARRIS, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:16CV83 SNLJ |
| | ) | |
| NINA HILL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's motion for appointment of counsel. Also before the Court is plaintiff's motion for injunctive relief. After review of the record, the Court will deny plaintiff's motion for appointment of counsel at this time. However, the Court will require defendant Hill to respond to plaintiff's motion for injunctive relief within thirty (30) days after service of the amended complaint.

**Plaintiff's Motion for Appointment of Counsel**

There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

Plaintiff has presented non-frivolous allegations in his complaint. However, he has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally,

neither the factual nor the legal issues in this case are complex. As such, the Court will deny plaintiff's motion for appointment of counsel at this time.

**Plaintiff's Motion for Injunctive Relief**

In plaintiff's motion for injunctive relief, he states that in November of 2015 he was given a medical lay-in to sleep in a bottom bunk due to an injury in his cervical spine. He claims that defendant Hill, a nurse practitioner, took away his medical lay-in, despite his severe injuries to his spine, and she refused to reinstate the lay-in, causing additional injuries to plaintiff. Plaintiff seeks an order from this Court reinstating the medical lay-in allowing him to use the bottom-bunk in his cell, as well as the lower walk (downstairs).

A waiver of service letter was issued to Ms. Nina Hill in this matter on September 6, 2016. Within thirty (30) days of receipt of the amended complaint in this matter, defendant Hill shall respond to plaintiff's motion for injunctive relief relative to his request for his medical lay-in and transfer to the lower walk. Defendant Hill should specifically address the severity of plaintiff's spinal injuries and the reason for the termination of plaintiff's medical lay-in in November of 2015 by defendant Hill.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel [Doc. #7] is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that defendant Hill should respond to plaintiff's motion for injunctive relief [Doc. #2] within thirty (30) days of receipt of the amended complaint.

Dated this 7th day of September, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE