UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JIM HARRIS, JR., | ) |
| Plaintiff, | ) |
| v. | ) No. 1:16-CV-83 SNLJ |
| NINA HILL, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Before the Court are plaintiff's motions for preliminary injunctive relief. [Doc. #2 and #31] Defendant Nina Hill has filed a response to defendant's motion, and plaintiff has filed a reply in support of his motion. The issues have been fully briefed. Having reviewed the issues before this Court, plaintiff's motions for injunctive relief will be denied at this time.

**Background**

**A. Plaintiff's Request for Relief**

Plaintiff, an inmate at Southeast Correctional Center ("SECC"), filed the instant lawsuit against Nina Hill, a nurse employed by Corizon, on April 14, 2016, alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. In his second amended complaint [Doc. #13] presently before the Court, plaintiff asserts that Nina Hill violated his rights under the Eighth Amendment when she demonstrated deliberate indifference to his serious medical needs from June of 2015 through January of 2016.

In his motions for preliminary injunction [Doc. #2 and #31], filed on April 14, 2016 and March 9, 2017, plaintiff asserts that in June of 2015, Nurse Hill terminated his medical lay-in. Plaintiff's claims have changed over time. In his first motion [Doc. #2], plaintiff claimed that

Nurse Hill terminated his lay-in and assigned him to the top walk and top bunk" despite his handicap, resulting in at least one fall. Plaintiff later clarified, through several filings in this matter, that Nurse Hill took away his medical lay-in to sleep in a bottom bunk despite his handicap and plaintiff sought to have his lay-ins for the bottom bunk and the lower walk reinstated.

In his reply brief to defendant's motion to dismiss, plaintiff states, "Plaintiff concedes, his lay-in was not for bottom floor and that this was a typo error on behalf of the inmate who typed plaintiff's motion." [Doc. #21, p.1] Accordingly, it appears that this matter merely revolves around whether plaintiff's medical lay-in for his bottom bunk has been terminated by Nurse Hill with deliberate indifference to plaintiff's serious medical needs.

### B. Plaintiff Medical Issues in the Pertinent Time Frame

Both plaintiff and defendant have provided evidence to this Court to substantiate their claims supporting and refuting injunctive relief, respectively. Nurse Practitioner Nina Hill, who is currently employed by Corizon, LLC, the entity that provides medical care to inmates at SECC, has provided certain portions of plaintiff's medical records as an exhibit to her signed affidavit.

Plaintiff, of course, has provided other portions of his medical records, as well as signed affidavits of prisoners also currently detained at SECC to testify to anecdotal evidence of plaintiff's alleged difficulties in traversing around the prison environment.[1]

In his amended complaint, Mr. Harris complains that he suffered a gunshot wound to his shoulder in 1995, which he reports also injured his neck. Plaintiff claims, in fact, that the wound from the gun shot caused "loss of muscles to the right side of his body, and nerve damage to the

---

[1] Doc. #29 and #30

right side, with muscle deterioration."[2] Plaintiff alleges that he also suffers chronic arthritis and sciatic nerve damage. He also claims that he has suffered damage to his right hand causing him difficulty with its use. [*See* Plaintiff's Amended Complaint, Docket #13]

After reviewing plaintiff, himself, on several different occasions as well as his medical records, Nurse Hill states in her affidavit that plaintiff's gunshot wound to his shoulder "did not cause any functional deficit to plaintiff's hands, arms or legs, or otherwise interfere with his ability to climb steps or climb into a top bunk." [Aff. Of Nurse Prac. Nina Hill, p.2]

Nurse Hill also states, "He does not have atrophy, paralysis or weakness of any of his extremities, either caused by nerve damage from a spinal cord injury or any other etiology." Defendant Hill does report that plaintiff has some osteoarthritis in his knees and hips. However, Nurse Hill maintains that based on the medical records and her review of plaintiff, he has not required any assistive devices, and from January 1, 2014 until present, he has worked full-time as a gardener at the prison, and then as a janitor. [Aff., p.2] Moreover, he has not reported any "falls" to medical since January 1, 2014. According to Nurse Hill, plaintiff is able to climb steps, climb into a top bunk and these activities do not pose a risk for plaintiff. [Aff. Of Nurse Hill, p. 3]

Nurse Hill unequivocally states in her affidavit that in June of 2015, "Mr. Harris did not have a lay-in for either a bottom bunk or a bottom floor when I evaluated him…I did not **cancel** or allow either of these lay-ins **to expire** in June of 2015 or at any other time. Based on my review of the medical records, Mr. Harris did not have either a bottom bunk or a bottom floor lay-in during the entire year of 2014 or in 2015." [Aff. Of Nurse Hill, p.2] (emphasis added)

---

[2]Plaintiff also suffers from a severe jaw injury. He had a jaw fracture that did not properly heal and that also developed a severe infection and has been difficult to treat. He has received "lay-ins" related to his jaw which included: (1) extra time to eat; (2) early main line; (3) no peanut butter.

Attached to his reply to defendant Hill's response brief, plaintiff has produced copies of his Medical Lay-In Forms, something that defendant Hill failed to produce in her "evidence" before this Court.[3] [Doc. #23] In Exhibit A-1, plaintiff has attached a Medical Lay-In dated March 18, 2014 indicating several lay-in restrictions for plaintiff, including a "lower bunk" and no marching, no prolonged standing, no repetitive bending, stooping or squatting. His lay-in also indicates no running, basketball or handball and no snow shoveling.

Plaintiff states in his motion, and the medical records attached to his reply brief indicate that the medical lay-in was first provided to plaintiff by Dr. Charles Chastain in 2012 when plaintiff was admitted to MDOC at ERDCC. Plaintiff was transferred to SECC in February of 2013, where his lay-in for bottom bunk continued. In fact, as of April 30, 2014, Dr. Mina Massey, signed plaintiff's lay-in for a lower bunk, as well as early mainline and extra time to eat. [Doc. #26, p. 45]

According to Exhibit A-2, Nurse Rebekah Graham signed a Medical Lay-In for plaintiff for Lower Bunk, Early Main-Line, Extra Time to Eat on June 16, 2015. [Doc. #23] Plaintiff claims in his amended complaint that he saw Becky Lizenbee on June 18, 2015. In his medical records it states that she requested on behalf of plaintiff lay-in for early main-line, no peanut butter and for extra time to eat. According to the medical records, Becky Lizenbee made the request to Nurse Nina Hill. [Affidavit of Nurse Nina Hill, p. 16]

Plaintiff states in his amended complaint that he was moved to a top bunk from a lower bunk on or about September 10, 2015.

---

[3] Defendant Nina Hill has failed to respond to plaintiff's evidence of his Medical Lay-Ins.

## Discussion

Before delving into the law in this case, the Court wishes to make an observation. The parties have relied on semantics when making their arguments before this Court, and the Court is not appreciative of such tactics. Defendant Nina Hill has sworn, under perjury, that she neither "canceled" nor allowed to "expire" plaintiff's medical lay-ins. However, in providing pieces of his medical records and no copies of his actual medical lay-ins, defendant has deprived the Court with evidence specific to the claims at hand relating to plaintiff's medical lay-ins. The question becomes how can this Court accurately track the award and negation of a medical lay-in without plaintiff's entire medical lay-in file? In instances going forward in this case, defendant should take care to provide all evidence pertinent to the matter at hand, and be careful in the wording of the affidavits used before this Court.

Additionally, plaintiff's claims against Nina Hill have danced around the actual allegations in his preliminary injunctive relief motions, as well as his original and amended complaint. He cannot seem to decide if she canceled his medical lay-in, or denied it, or failed to renew it, or acted **through others** in retaliation against him in denying part of it for a limited time period.

The Eighth Circuit has emphasized that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). In no case has this been more apparent to the Court than in the present case where the evidentiary record is so replete with errors and inconsistencies from both sides. Nonetheless, the Court will analyze the record as is currently before it.

In determining whether preliminary injunctive relief should be granted, the Court must consider four well-established factors: (1) the threat of irreparable harm to the plaintiff; (2) the balance of harms between the parties as to granting the injunction or not granting the injunction; (3) the probability of plaintiff's success on the merits; and (4) the public interest. *Dataphase Systems, Inc. v. C L Systems, Inc.,* 640 F.2d 109, 112 (8th Cir.1991); *see also, Amzen v. Palmer*, 713 F.3d 369, 372 (8th Cir. 2013). Importantly, the movant, or the plaintiff in this case, bears the burden of establishing that he is entitled to a preliminary injunction. *Roudachevski v. All-Am. Care Ctrs., Inc*, 648 F.3d 701, 705 (8th Cir. 2011).

In his motions for preliminary injunction, plaintiff's exact claims are as follows:

> "Deliberate Indifference: The ongoing and foregoing will support plaintiff's claim that defendants actually knew about the risk, had actual knowledge of the risk, had a strong suspicion that the risk exists, ignored that suspicion, and refused to verify relevant facts by not answering (2) IRRs, refusing to give a Grievance, and retaliation by placing me on the top walk (upstairs) and climbing upon the top bunk, also taking my medical lay-in, for purpose of retaliation due to previous civil claim (1:15CV0026 CEJ) pending." [Doc. #2]

Plaintiff claim in his most recent motion for injunctive relief simply states that he continues to suffer while struggling to walk up and down stairs and climbing on the top bunk and he requests that the Court order defendant to move plaintiff off the top walk and top bunk. [Doc. # 31][4]

Although plaintiff has presented evidence that he had a medical lay-in prior to June 15, 2015 allowing him access to a lower bunk, he has not presented evidence that **defendant Nina Hill removed** or **cancelled** the medical lay-in, or that she retaliated against him by **taking away** his medical lay-in. In other words, plaintiff has not shown a causal connection between Nina

---

[4] As noted above, plaintiff has admitted that he never had a medical lay-in allowing him access to a lower level.

Hill's actions and an actual action on her part that stopped his medical lay-in allowing him to reside in a bottom bunk.

What plaintiff has produced is circumstantial evidence, from plaintiff's medical records, that he asked Becky Lizenbee for renewal of the medical lay-in during a visit with her on June 18, 2015, and Ms. Lizenbee made a note in the medical file that she would contact Nina Hill to ask her for a renewal of the lay-in. What happened after that time, the Court cannot say. Nina Hill has testified in her affidavit that she neither "canceled" the lay-in or allowed the lay-in to "expire."

As the Court reads the last medical lay-in produced by plaintiff – the lay-in signed by Rebekah Graham on June 15, 2015 – this lay-in wasn't supposed to expire until June of 2016. Accordingly, the Court is unable to ascertain the meaning of Nina Hill's words in her affidavit, i.e., "she did not allow the lay-in to expire."

Nonetheless, the burden is on the plaintiff in this action, and he has not shown he has a likelihood of success on the merits at this time of showing that it was some action on behalf of defendant Hill that interfered with his medical lay-in relating to the top bunk such that the Court should issue a mandatory injunction to SECC instructing the prison to replace his lay-in at this time.

Plaintiff has also not shown irreparable harm at this time, or that the Court must provide him with access to a top bunk and override the medical judgment of the physicians currently on staff at SECC that refuse to provide him with a new medical lay-in. As the Court reads the medical records submitted and attached to Nina Hill's Affidavit, Dr. Massey and Dr. Birch have indicated that plaintiff is not currently in need of a top bunk medical lay-in for his heart, or his leg or arm. Although Dr. Chastain and other physicians at ERDCC may have believed otherwise,

this Court cannot become a referee between different Corizon physicians stationed at separate MDOC facilities and decide plaintiff now needs a lay-in without any medical evidence whatsoever.

In light of the aforementioned, plaintiff's motions for injunctive relief must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motions for injunctive relief [Doc. #2 and #31] are **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motions to file his exhibits under seal [Doc. #22 and #25] are **GRANTED**.

**IT IS FURTHER ORDERED** that an appeal of this order would not be taken in good faith.

Dated this  15th  day of March, 2017.

_____
STEPEHN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE