# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| JIM HARRIS, | ) |
| Plaintiff, | ) |
| | ) No. 1:16-cv-83 SNLJ |
| vs. | ) |
| NINA HILL, et al., | ) |
| Defendants. | ) |

## MEMORANDUM and ORDER

This matter is before the Court on numerous motions filed by plaintiff. Each is discussed in turn below.

**I.    Motion to File Under Seal (#39)**

Plaintiff seeks to seal certain documents in accordance with E.D. Mo. Local Rule 83-13.05, which states "Upon a showing of good cause the Court may order that documents filed in a civil case be received and maintained by the Clerk under seal." Plaintiff seeks to have sealed two affidavits, a motion for a preliminary injunction, and a motion for appointment of counsel. Plaintiff offers no reason why these documents should be sealed. Because "good cause" has not been shown, the motion will be denied.

Plaintiff also seeks "stamped filed copies with doc[ument] numbers on each of the documents filed to retain for his records, in order to submit these documents to the defendants in this case." The defendants have already been served with all documents filed in this case. The Clerk shall send to plaintiff a current copy of the docket sheet so that he is made aware of document numbers assigned to his filings.

1

## II. Motion to Reconsider (#40)

Plaintiff seeks reconsideration of this Court's order (#36) denying his motions for preliminary injunction, and the parties subsequently filed hundreds of pages of exhibits and multiple briefs regarding this motion. Plaintiff states that the defendants falsified documents because the pagination is different in two sets of records. However, the documents about which plaintiff complains are electronic medical records, and their pagination will differ depending on the date range requested. There is no substantive difference between the records.

Plaintiff suggests in his "Objection" (#50) that defendant's Exhibit B to defendant's response memorandum has been falsified because it different from "plaintiff's exhibits," but he does not explain further. Plaintiff's exhibits in support of his Preliminary Injunction Motion (#23) makes an unclear reference to "Bottom Bunk," stating

> Current Duty Status:2
>                 CARDIAC HISTORY-LOWER BUNK
>
> Lay-In Restrictions:
>     NO MARCHING
>     NO PROLONGED STANDING
>     NO REPETITIVE BENDING, STOOPING, SQUATTING
>     NO RUNNING BASKETBALL OR HANDBALL
>     NO SNOW SHOVELING

(#23 at 1.) Plaintiff has not explained what "Cardiac History- Lower Bunk" means in connection with the "Current Duty Status" reference, but it is clear that "Lower Bunk" was not a Lay-In Restriction. Defendant's Exhibit B makes clear that plaintiff's Lower Bunk Lay-in/Restriction began July 20, 2012 and ended January 20, 2013. The events relevant to this case (and defendant Nina Hill's treatment of plaintiff) took place

beginning in June 2015, and the documentation support this Court's memorandum. Plaintiff's motion to reconsider will be denied.

### III.    Motion to Appoint Master (#46)

Plaintiff requests that the Court appoint a special master to obtain and investigate medical records. Although plaintiff is correct that this case involves numerous documents, that is not unusual in litigation, and there is no need for appointment of a special master.

### IV.    Motion to Appoint Expert (#47)

Plaintiff seeks appointment of a neurologist and states that defendant filed a false affidavit stating that plaintiff had been (before arriving in custody as a prisoner) shot in the shoulder. Plaintiff states that he was shot in the neck, not the shoulder. Defendant explains that the location in which plaintiff was shot --- just above the clavicle --- may be characterized as both the shoulder and the base of the neck. Plaintiff's claim against defendant Hill is, as this Court articulated, that she "terminated his lay-in and assigned him to the top walk and top bunk." (#9 at 2.) Plaintiff has not demonstrated a need for a court-appointed expert.

### V.    Motion to Add Ex. ID(3) (#53)

Plaintiff seeks to add as an exhibit to his complaint a photograph of his hand, which he says shows that he has experienced atrophy and paralysis. He also says it supports his motions for expert and counsel appointments. The Court is denying those motions, and there is no reason to supplement the complaint with an independent photograph. Should plaintiff need to attach the photograph as evidence in support of a memorandum, he may do so at the appropriate time and with the appropriate authentication.

**VI. Motion for Appointment of Counsel to Take Depositions (#63)**

Plaintiff states that defendant Hill has been terminated from her employment at Southeastern Correctional Center ("SECC"), and that he needs to depose her and others regarding that termination. He states that attorney Kevin Dolley, who represents plaintiff in another matter, should be appointed. Defendant responds that she is still employed at SECC, so there is no reason for the deposition plaintiff seeks. The Court agrees. The motion will be denied.

**VII. Defendant's Motion to File Surreply (#55)**

Defendant seeks leave to file a Surreply addressing plaintiff's claim that defendant has falsified documents. This motion will be granted. Defendant appears to have filed the Surreply (*see* #60), but, if defendant has additional information to convey, she may file it.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to File Under Seal (#39) is **DENIED**. The Clerk shall send to plaintiff a current copy of the docket sheet.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Reconsider (#40) is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Master (#46) is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Expert (#47) is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's Motion to Add Ex. ID(3) (#53) is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's Motion for Appointment of Counsel to Take Depositions (#63) is **DENIED.**

**IT IS FURTHER ORDERED** that defendant's Motion to File Surreply (#55) is **GRANTED.**

Dated this  29th  day of June, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE