UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JIM HARRIS, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:16-cv-83 SNLJ |
| NINA HILL, et al., | ) |
| Defendants. | ) |

## MEMORANDUM and ORDER

This matter is before the Court on two motions filed by plaintiff. Each is discussed in turn below.

**I.   Motion to Compel or Appoint Counsel (#78)**

On April 14, 2016, Plaintiff Jim Harris ("Plaintiff") initiated this suit against defendant Nina Hill, a nurse practitioner, and filed a motion for preliminary injunction or temporary restraining order. Following this Court's review under 28 U.S.C. § 1915(e), plaintiff was allowed to maintain one claim against Hill based on the allegations that she "terminated his lay-in and assigned him to the top walk and top bunk," although he is handicapped, resulting in at least one fall.

In a later order, the Court clarified that plaintiff claimed Hill took away his medical lay-in for a bottom bunk despite his handicap and that he sought to reinstate the lay-ins for bottom-bunk and lower walk.

On March 15, 2017, this Court entered a scheduling setting a discovery deadline of August 18, 2017, and a dispositive motions deadline of September 5, 2017. (#35.) The parties engaged in discovery; Hill responded to interrogatories and

1

requests for production on documents. In addition, on July 19, 2017, Plaintiff served Defendant with deposition questions under Federal Rule of Civil Procedure 31. On July 27, 2017, counsel advised plaintiff that defendant Hill would not respond to the questions because the request did not comply with Federal Rules of Civil Procedure 28, 30 and 31(b). Defendant received no further response or communication regarding the deposition questions, and on August 18, 2017, time expired for discovery. Hill filed her motion for summary judgment on September 5, 2017.

On September 21, 2017, plaintiff requested and received an order for "an additional 45 days to file reply to any and all matters pending in this court." (*See* Order, #77.) Instead of responding to the motion for summary judgment—the only pending matter in this Court—plaintiff filed a motion to compel Hill to respond to his deposition questions or, in the alternative, to appoint counsel.

Plaintiff was apparently in the Cape Girardeau County Jail for several weeks and was not able to address the matter of his request for depositions by written questions until he returned to prison. Plaintiff asks the Court to grant leave to depose the defendant by written question and to appoint a commissioner to do so under Federal Rules of Civil Procedure 26 and 31. Alternatively, plaintiff asks the Court to appoint counsel.

Plaintiff's request for counsel is denied for the same reasons the Court previously denied plaintiff's motions. (*See, e.g.*, #12, #37.) The Court also denies plaintiff's request to depose defendant Hill by written question. Defendant Hill has already responded to plaintiff's other discovery requests, which include interrogatories and document requests. Plaintiff does not offer any reason why the cost and burden of a deposition should be imposed. Nor does plaintiff explain how he would pay for the costs inherent to the taking of a deposition. Plaintiff mysteriously refers to a matter pending in state court between

himself and defendant Hill and notes that "there is [a] conflict between the Mississippi County Sheriff and the Defendant N.P. Hill where she allege[s] she never received summons but the Sheriff allege[s] he served her." (#78 at 2.) He also attaches a motion he filed in that state court matter regarding the issue of her service in that state court matter. That matter is entirely irrelevant to the issues in plaintiff's case. Plaintiff has not supported his request for leave to take defendant Hill's written deposition. In light of the straightforward issues involved in his case, there plaintiff's written discovery was adequate. The motion will be denied.

## II.     Insufficient Discovery Motion (#80)

Plaintiff seeks an extension of time in which to respond to the defendant's motion for summary judgment and again asks the Court to order defendant to respond to the written deposition questions. Plaintiff states he is having difficulty responding to the motion for summary judgment because

> Plaintiff attempts to respond without the Court stamped docket number in reference to which document plaintiff must or should respond to, or how to respond to, because some of the affidavits and supplemental reports of Defendant Hill's are without medical numbers or document numbers.

(#80 at 2.) Defendant responds that she cited to affidavits and Bates-numbered medical records that have been on the docket and in plaintiff's hands since April 25, 2017. To the extent plaintiff is confused about the identification of documents cited in defendant's motion, plaintiff should send a letter to counsel asking for clarification. The Clerk will also sent plaintiff an updated copy of the docket sheet for his reference. Plaintiff will be allowed until January 5, 2018 by which to file his response to the defendant's motion for summary judgment.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall send to plaintiff a current copy of the docket sheet.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Compel (#78) is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's Motion for Extension (#80) is **DENIED in part** and **GRANTED in part.**

**IT IS FURTHER ORDERED** that plaintiff shall have until January 5, 2018 by which to file his response to the defendant's motion for summary judgment.

Dated this  28th  day of November, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE