UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| **JIM HARRIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) No. 1:16-cv-83 SNLJ |
| vs. | ) |
| | ) |
| **NINA HILL, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM and ORDER

This matter is before the Court on *pro se* plaintiff Jim Harris's motions for rehearing/clarification (#94), to disqualify judge (#95), and to appoint counsel (#96).

### I. Motion for Reconsideration

This Court granted summary judgment to defendant Nina Hill, who was a nurse practitioner at the prison where plaintiff is incarcerated. The Court held that no evidence showed that defendant had terminated the lay-in for a bottom bunk when she terminated lay-ins for early mainline, no peanut butter, and extra time to eat. Plaintiff seeks reconsideration of the summary judgment order.

Federal Rule of Civil Procedure 59(e) governs reconsideration of a judgment. The purpose of a motion under Rule 59(e) is to correct manifest errors of law or fact or to present newly discovered evidence. *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988). Such a motion cannot be used to introduce evidence or raise arguments that could have been made earlier. *Id.*

Plaintiff re-argues the evidence presented in conjunction with defendant's motion for summary judgment and attempts to suggest that more or different discovery would

1

have allowed him to prove his claim. Although plaintiff complains about a subpoena that defendant served on the Warden, the records produced in response to that subpoena were in fact produced to plaintiff. Plaintiff's suggestion that the Court should have "served" the subpoena is without merit.

Plaintiff also baselessly suggests that defendant falsified documents. Nothing in the record suggests that is the case. The fact remains that no evidence exists that shows defendant herself ended plaintiff's bottom bunk lay-in or that she directed custody to end the bottom bunk lay-in. Plaintiff's attempt to reargue the evidence is without merit.

Finally, plaintiff suggests that the Court improperly went outside the record to find in defendant's favor. Plaintiff refers to a footnote where the Court expressed its frustration with the defendant's citations to the record. The Court did not go outside the record, but rather conducted an exhaustive review of the numerous documents cited by both parties in this matter. Plaintiff's argument to the contrary is mistaken.

The Court thoroughly considered plaintiff's evidence and arguments in opposition to defendant's summary judgment motion. Having further thoroughly considered plaintiff's Rule 59(e) motion, the Court finds it to be without merit.

## II. Motion to Disqualify

Plaintiff's motion to disqualify is based on his mistaken argument described above. Plaintiff complains he has no access to the documents the Court accessed, but those documents are available to the plaintiff because they have been disclosed to him by the defendant in hard copy format. The Court's access to those documents is electronic in accordance with the Local Rules of this Court. Plaintiff suffered no prejudice, and his motion to disqualify is not well-taken and will be denied.

Plaintiff also argues that because the undersigned judge presided over a 2010 criminal matter against the plaintiff and also in other civil matters brought by plaintiff, the judge's impartiality is in doubt and that recusal is necessary. Although the Court disagrees that any appearance of impartiality exists, plaintiff's failure to raise this motion until after an adverse ruling on his case is improper. *See Neal v. Wilson*, 112 F.3d 351, 357 n.6 (8th Cir. 1997). Moreover, a judge's overseeing of plaintiff's plea agreement does not demonstrate a lack of impartiality, nor does plaintiff's mere disagreement with this Court's rulings in other cases. The motion will be denied.

### III. Motion to Appoint Counsel

Plaintiff has moved several times for appointment of counsel in this matter. The Court, after considering plaintiff's motion and the facts and circumstances of his case, denied those motions without prejudice. Plaintiff is now proceeding on appeal of this case in the United States Court of Appeals for the Eighth Circuit. The Court denies the motion to appoint counsel for the same reasons it previously denied plaintiff's motions. (*See, e.g.*, #37.) Plaintiff is able to present and argue the facts of his case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for rehearing/clarification (#94), motion to disqualify judge (#95), and motion to appoint counsel (#96) are DENIED.

Dated this  19th  day of October, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE